I agree with the majority's analysis and its conclusions in this case. I am writing specially only to show my strong support for the recommendation in footnote 2 of the opinion urging the Alabama Supreme Court to revisit its decision in Ex parteRosborough, 909 So.2d 772 (Ala. 2004). In Ex parteRosborough, the Supreme Court reversed a unanimous decision of this Court affirming the conviction. The Supreme Court held that the statute of limitations in that theft-by-deception *Page 401 
case began to run as soon as the defendant obtained the money the victim had loaned him, not when the defendant stopped repaying the loan, and further held that the prosecution took place long after the limitations period had run. The facts ofEx parte Rosborough were set forth in the opinion, as follows:
 "`Rosborough is an accountant by trade. . . . For many years, Rosborough prepared yearly income tax returns for his aunt, Ms. Sarah Nixon. In 1995, Rosborough approached Ms. Nixon with an investment offer, promising her a tax-free rate of return of six and one half percent, payments of $218.00 per month, and the full return of her principal amount of $40,226.36. The agreement was to terminate on December 31, 2000. Ms. Nixon signed an Agreement of Guarantee on April 18, 1995 and turned the principal amount of $40,226.36 over to Rosborough.
 "`On April 19, 1995, one day after taking possession of Ms. Nixon's $40,226.36, Rosborough made a payment of $40,414.00 to the Choctaw County Clerk of Court for restitution in a prior criminal case.
 "`Rosborough began making monthly "interest" payments to Ms. Nixon on May 15, 1995, as scheduled. Sometimes Rosborough's payments were late but, generally, during the first three years of the agreement, Rosborough made the monthly payments as promised. Beginning in August, 1998, however, Rosborough became [more] erratic in making the payments, sometimes skipping a month and making double payments the following month. Additionally, some monthly payments were missed altogether. The record reflects that June 28, 2000 was the last date Rosborough made a payment to Ms. Nixon.
 "`After Rosborough quit making payments, Ms. Nixon testified that she tried to contact Rosborough on numerous occasions. She was unsuccessful, however, and Rosborough never returned her principal amount of $40,226.36.'
 "State's brief, at 2-3 (citations to the record omitted)."
909 So.2d at 773.
Although this Court held that Rosborough's actions constituted a continuing offense and that the statute of limitations did not begin to run until he stopped making the required payments, the Alabama Supreme Court held that the limitations period began to run on April 18, 1995, when Rosborough initially obtained Nixon's money. The victim in Ex parte Rosborough did not seek to prosecute Rosborough until she learned of the deception, which occurred after Rosborough stopped making payments, and the Supreme Court held that the prosecution was barred by the statute of limitations.
I continue to have grave concerns that, under Ex parteRosborough, victims will be barred from seeking relief because they will not discover that a crime had been committed until after the statute of limitations, as determined in Exparte Rosborough, has run. As the majority points out in footnote 2, the victim named in Count 14 of the indictment did not learn of the theft until her husband died in 2003 and she attempted to have him buried in the plot she believed they had paid for in 1997 and 1998. The statute of limitations should have begun to run as to that count, in my opinion, when the victim would have reasonably learned of the theft of her money; that date would have been when the victim contacted an employee at the cemetery and attempted to have her husband buried *Page 402 
in the plot they believe they had purchased. Instead, underEx parte Rosborough, the conviction obtained pursuant to that count of the indictment has been set aside because the indictment was filed after the statute of limitations had run. This is not justice.
Along with the majority, I urge the Alabama Supreme Court to correct this obvious error; Ex parte Rosborough fails to protect innocent victims and provides a legal loophole for unscrupulous offenders to slip through. The principles of equity and justice under the law demand a different result.
WISE, J., concurs.